**Kara DeFALCO by her parent and natural guardian Robin DeFALCO, and Robin DeFalco in her own right, Plaintiffs,**

v.

**DEER LAKE SCHOOL DISTRICT, Carole McKaskey, Patricia Rehner and James Yocanis, individually and as agents of Deer Lake School District, Defendants.**

Civ. A. No. 85–2857.

United States District Court,
W.D. Pennsylvania.

July 13, 1987.

James W. Carroll, Pittsburgh, Pa., for plaintiffs.

Richard L. McMillan, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff, Kara DeFalco, filed this Section 1983 action alleging equal protection and due process violations, as well as a violation of the Education of the Handicapped Act, 20 U.S.C. § 1400, *et seq.*, and various pendant state court claims. Defendants have filed a Motion to dismiss with brief, to which plaintiffs have responded with a brief in opposition. In deciding this motion to dismiss, the court will accept as true the factual allegations of the plaintiffs' complaint, and view the complaint in the light most favorable to the plaintiffs. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Jennings v. Shuman*, 567 F.2d 1213 (3d Cir.1977).

## FACTS

The factual scenario on which this case is based is relatively simple. On or about December 7, 1983, plaintiff, Kara DeFalco was a 9–year old fifth grade student at the Elementary School Annex operated by defendant Deer Lakes School District. Shortly before the start of the 1983–84 school year, Kara was diagnosed as diabetic. At the start of the school year, Kara's mother, Robin DeFalco, met with defendant Patricia Rehner, the School Nurse, in order to inform her of Kara's medical condition and to request the special attention Kara would need. Robin DeFalco provided all of the individual defendants, who include the school nurse, an elementary school teacher, and the Principal of the Elementary School Annex, with written materials describing Kara's diabetes and the special care she would need. Kara's mother provided twelve copies of these materials so that all of Kara's teachers could be given a copy. Defendant Patricia Rehner made additional copies as needed.

On the date in question, Kara was in a reading class taught by Carole McKaskey. Shortly after the class began, Kara requested permission from Teacher McKaskey to leave class and see the School

Nurse, informing McKaskey that she was having a hypoglycemic reaction. McKaskey refused to allow Kara to leave the room until after the reading class, nearly 45 minutes later. By the time Kara arrived at the Nurse's Office, she was intermittently losing consciousness and was unable to inform the school nurse, Rehner, that she needed her medication. For nearly two hours, Kara received no medical care. The school phoned Kara's grandmother who came to the school and instructed the school to get Kara to a hospital. Kara was first taken to Citizen's General Hospital and later transferred to Children's Hospital of Pittsburgh. Kara required six days hospitalization.

Plaintiffs allege that Kara suffered injuries as direct result of "the reckless and/or grossly negligent and/or negligent conduct or wilful misconduct of defendants ...". Complaint, p. 7, para. 24.

The first three counts in plaintiffs' complaint are pursuant to Section 1983 and allege respectively that defendants' conduct in depriving Kara of needed medication and medical attention violated her civil rights as secured by the Equal Protection clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.* Defendants' Motion to Dismiss attacks all three Section 1983 counts on various grounds.

## WHO MAY BE SUED UNDER SECTION 1983.

■ First we address the question of *who* may be sued under Section 1983. Local entities such as independent school boards, and administrators of school districts have been held liable in Section 1983 actions. *See, e.g., Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, certain limitations have been placed on the potential liability of local government entities under Section 1983. One of these raised by defendants, is that there is no liability under a theory of vicarious liability or respondeat superior.

*Monell, supra.* Moreover, a single isolated incident, by a teacher or school nurse for instance, does not establish an official policy or practice sufficient to establish Section 1983 liability. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). On this basis, we find that plaintiff, who is attempting to allege that the School District failed to train or supervise its employees properly based on a single incident, does not state a section 1983 cause of action against Deer Lake School District.

■ We recognize that this does not automatically dispose of the section 1983 claims against the individual defendants. School officials may be sued under Section 1983 with the limitation that they are entitled to qualified good faith immunity when sued for money damages for official actions taken in good faith. *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The existence of good faith in a particular case is a factual determination which cannot be made at this stage in the proceedings. Therefore, we next examine whether sufficient allegations are made to establish violations of the Fourteenth Amendment, the basis for the constitutional rights which plaintiffs assert in Counts 1 and 2.

## STATE ACTION

■ Defendants argue that there is no state action here, no custom or practice or official policy which would be sufficient to show that the individual defendants' actions were under "color of law", clothed as it were with state authority. Without such "state action", there can be no Fourteenth Amendment violation. The Supreme Court assumed that the school officials were acting under "color of law" when they disciplined students by paddling in *Ingraham v. Wright,* 525 F.2d 909 (1976), *affirmed* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). We believe that the same determination would apply in the case at hand. Here Kara DeFalco was required to attend school by state law. The school principal, teacher and nurse at the state supported school were providing a traditional state

function during the relevant period, and were acting in their professional capacities. We therefore conclude that these individual defendants were acting under "color of law", and state action exists here for Fourteenth Amendment purposes.

### EQUAL PROTECTION CLAIM

■ The distinct problem which we encounter in this case is whether there are sufficient factual allegations to establish that plaintiffs' rights to due process (Count 2) and equal protection (Count 1) were violated. Our examination of the Equal Protection Claim convinces us that it cannot stand. *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), stands for the proposition that a child, being discriminated against on the basis of his handicapped condition, by the state in performing its obligation to provide public education, must proceed under the Education of the Handicapped Act and may not assert a separate Equal Protection Claim for a violation of the Act. *Id.*, at 1009–1013, 104 S.Ct. at 3466–69. Apart from the allegation that plaintiff Kara is handicapped, there are no other allegations that plaintiff Kara is a member of a protected class, or that she was subjected to such unjust and illegal discrimination in distinction to other persons in similar circumstances as would establish an equal protection violation. *United States v. Torquato*, 602 F.2d 564, 568 (3d Cir.1979); *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). For these reasons the Equal Protection claim must fail. Count 1 will be dismissed.

### DUE PROCESS CLAIM

■ Whether or not plaintiff sufficiently asserts a due process claim presents a more difficult determination. Plaintiff Kara asserts that she was deprived of needed medication and medical attention by persons acting under "color of state law". The Supreme Court's ruling in *Smith v. Robinson, supra*, does not entirely preclude the possibility of a simultaneous section 1983 claim based on a separate due process violation. Thus there may be re-medial gaps in the Education of the Handicapped Act which may be actionable under Section 1983. We assume that any child has a liberty interest in having access to needed medication and medical attention without deprivation by persons acting under "color of state law", and that this liberty interest is not a particular interest falling under the exclusive purview of the Education of the Handicapped Act. Thus we believe that plaintiffs have stated a cognizable liberty interest, of which they may not be deprived without due process of law. However, we believe that this is a situation analogous to that in *Ingraham v. Wright, supra*, where the teacher and principal must exercise prudence and restraint in making decisions, and where additional administrative safeguards as a constitutional requirement would significantly intrude into the area of educational responsibility that lies primarily with public school authorities. The teacher, school nurse and principal may be subject to civil tort remedies for unjustified actions, and we believe that these traditional common-law remedies are fully adequate to afford due process. Therefore Count 2 will be dismissed.

■ Count 3 relies on the federal statutory rights set forth in the Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.*, to establish plaintiff's third Section 1983 claim. We believe this count must also fail. While we recognize that the federal substantive right necessary to state a Section 1983 claim may be established through federal statute, *see Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), whether or not a particular statute provides such a "right" enforceable under Section 1983 must be determined based on Congressional intent. *See Middlesex County Sewage Authority v. National Sea Clammers*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). The Supreme court has recently stated that Section 1983 actions are not available to redress violations of the Education of the Handicapped Act, *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1983), since Congress intended to create an exclusive remedy in the Act. Allowing a plaintiff to circumvent the Act's adminis-

trative remedies would be inconsistent with Congress' carefully tailored scheme. *Id.* at 1009–1013, 104 S.Ct. at 3466–69. Based on this reasoning we conclude that plaintiffs must proceed if at all with the remedies provided for under the Act and may not attempt to convert the action into a Section 1983 claim.[1] Count 3 will be dismissed on this basis.

### PENDANT STATE CLAIMS

■ Pendant jurisdiction over state claims exists whenever there is a substantial federal claim and the relationship between the federal and state claims permits the conclusion that the entire action before the court comprises one "case". *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Since our decision here concludes that there is no substantial federal claim in this action, we will dismiss the remaining state claims. This ends all further proceedings in this action.

---

1. *See also Quackenbush v. Johnson City School District,* 716 F.2d 141 (2d cir. 1983); *Dept. of Education of Hawaii v. Katherine D.,* 727 F.2d 809 (9th Cir.1983); *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981).